UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CANON HARPER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:16-cv-00128-JMS-DKL |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

Once convicted and after exhaustion or waiver of any right to appeal, a defendant is presumed to stand "fairly and finally convicted." *United States v. Frady,* 456 U.S. 152, 164 (1982). For the reasons explained in this Entry, the effort of Canon Harper to show otherwise fails. His petition for a writ of habeas corpus will therefore be denied. In addition, the Court finds that a certificate of appealability should not issue.

**I. Nature of the Case**

Harper seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a).

**II. Parties**

Harper is confined at a state prison in Indiana. The respondent is Harper's custodian, sued in his official capacity as a representative of the State of Indiana.

**III. Procedural Background**

The respondent filed a return to the order to show cause and Harper has filed a reply to the return. The record has been appropriately expanded.

## IV. Statement of Facts

Harper was charged in an Indiana state court with dealing in cocaine, possession of cocaine, dealing in a narcotic drug, possession of a narcotic drug, two counts of resisting law enforcement, battery of a law enforcement officer, possession of paraphernalia, and maintaining a common nuisance. After being convicted at trial, Harper was sentenced to an aggregate term of 40 years in prison. After an interlocutory appeal in which the denial of a motion to suppress was affirmed, *Harper v. State*, 922 N.E.2d 75 (Ind.Ct.App. 2010), *trans. denied* (2012), his convictions were affirmed on direct appeal. *Harper v. State*, 963 N.E.2d 653 (Ind.Ct.App.), *decision clarified on reh'g,* 968 N.E.2d 843 (Ind.Ct.App. 2012).

The circumstances of Harper's fateful encounter with police are set forth by the Indiana Court of Appeals. It first reviewed facts from Harper's direct appeal:

> In November of 2008, Officer Jones and Officer H[a]rrod of the Clark County Sheriff's Department noticed a vehicle without a license plate light. Before the officers could conduct a traffic stop, the vehicle pulled in to the parking lot of a Bel-Air Motel and parked, so the officers followed and parked in the parking lot. Two men exited the vehicle. The passenger, Adrian Porch, was approaching a motel room, room 120, while carrying a bag that appeared to be a purse. The driver, Harper, stood near the driver's door of the vehicle. Before Porch could enter the motel room, a woman inside, Chanel Brown, slammed the room door.
> Officer Jones asked Porch to return to the vehicle, grabbed the purse from him, and placed it on the hood of the vehicle. Officer Jones informed Harper of the reason he pulled in behind him, and Harper started his vehicle to check his license plate light.
> Officer Jones asked Porch if he would consent to a search of his person, and Porch consented. Officer Jones then asked Porch and Harper who owned the purse, and both men responded they did not own it. Harper then stated an ex-girlfriend left it in his vehicle. Officer Jones asked if he could search the purse, and both men consented. Officer Jones opened the purse and discovered forty-eight grams of cocaine, thirty grams of heroin, scales, razor blades, and aluminum foil. Officer Jones placed Porch under arrest, and Officer H[a]rrod attempted to place Harper under arrest. During his attempt, Harper physically resisted and forced Officer H[a]rrod against the wall of the motel. Officer H[a]rrod struck his head against the wall, and Harper began to flee on foot. He was apprehended before he could leave the parking lot.

>      Other officers then arrived, including Officer Mobley, who discussed the incident with the motel's manager. They discovered Harper had rented the motel room. Soon after, the manager terminated the rental of the room, ordered its inhabitants to leave, and gave officers consent to search the room. Inside the motel room, Officer Mobley discovered approximately three grams of heroin and a coffee grinder, blender, razor blade, and flour sifter. Harper was charged with dealing in cocaine, possession of cocaine, dealing in a narcotic drug, and possession of a narcotic drug, all Class A felonies; two counts of resisting law enforcement, battery of a law enforcement officer, and possession of paraphernalia, all Class A misdemeanors; and maintaining a common nuisance, a Class D felony.
>
>      Six hours after Harper's arrest, Officer Jones completed a Probable Cause Affidavit on Warrantless Arrest. In the affidavit, Officer Jones stated that he was on routine patrol at approximately 6:30 p.m. when he saw a vehicle without a license plate light pass his police cruiser and turn in to the parking lot of the Bel-Air Motel. Officer Jones pulled into the parking lot and "observed two black males exit the vehicle which had pulled in front of Room 120." PCR Exhibit 17 at 21.

*Harper v. State*, 963 N.E.2d at 656-57. The Court of Appeals then recounted additional facts and the course of Harper's prosecution.

>      During a deposition taken on March 6, 2009, Officer Jones stated that at approximately 6:30 p.m. on the day of Harper's arrest, he was on routine patrol when he noticed Harper's vehicle drive past his police cruiser and turn in to the parking lot of the Bel-Air Motel. According to Officer Jones, the license plate light on Harper's vehicle was not working, and no one could see the license plate if the light was not working. Officer Jones pulled up behind Harper's vehicle and made contact with the two men who had just exited Harper's car. Harper was standing closer to the car and Porch was by the motel room door.
>
>      On March 27, 2009, Harper filed a motion to suppress and argued that the police "exceeded the original scope of the 'stop' by seizing and subsequently searching the bag held by Mr. Porch." Appellant's Appendix at 57. According to Harper, the search and seizure of the bag violated both the state and federal constitutions. At the May 2009 suppression hearing, Officer Jones testified that he was on patrol when he observed Harper's car drive past his police car with a non-working license plate light. Officer Jones followed Harper in to the parking lot at the Bel-Air Motel. According to Officer Jones, Harper's vehicle was stopped, the officer pulled in behind it, and the "occupants were exiting the vehicle." PCR Exhibit D at 93.
>
>      Following the hearing, the trial court denied Harper's motion to suppress. On interlocutory appeal of the denial, Harper and Porch argued that the officers' investigative stop exceeded the boundaries imposed by *Terry v. Ohio*, 392 U.S. 1 (1968). Specifically, the gravamen of their argument was that after the officers showed them that the license plate light was not working, the purpose of the stop was complete, and the officers could not further detain the two men unless

something occurred during the stop that generated the necessary reasonable suspicion to justify a further detention.

This court, however, found *Tawdul v. State*, 720 N.E.2d 1211, 1217 (Ind. Ct.App. 1999), *reh'g denied, trans. denied*, to be instructive. There, we held that police have a limited right to briefly detain a passenger who exits the vehicle after it has been lawfully stopped to alleviate any concerns for officer safety. 720 N.E.2d at 1217. We further found that "simply because the driver may have been independently culpable for the traffic offenses, [it] does not entitle the passenger to simply exit the vehicle and walk away." *Id*.

Applying *Tawdul* to the facts of the case, we found that it was not unreasonable for Officer Jones to briefly detain Porch after he legally stopped Harper's vehicle until he made an initial assessment of the situation. *Harper v. State*, 922 N.E.2d 75, 80 (Ind.Ct.App. 2010), *trans. denied* [August 8, 2012]. We pointed out that Officer Jones testified that after he pulled up behind Harper and Porch, they were both already outside of the car. Harper stood next to the driver's side door, and Porch started walking toward the motel. Officer Jones made contact with Porch because he was carrying a bag, and the officer didn't know who was in the motel room or what Porch was doing. Officer Jones simply asked Porch to come back to the car, and Porch complied with the officer's request. The officer then took the duffle bag, placed it on the car, and explained to Harper and Porch that the license plate light was out. Based on this evidence, we concluded that Porch's brief detention was not unreasonably long or intrusive. *Id*.

Harper and Porch also argued that after the traffic stop had been completed and they had confirmed that the license plate light was out, the subsequent search of the duffle bag was unreasonable. However, because Porch consented to the search of the duffle, he and Harper could not prevail because it is well established that consent is a valid exception to Fourth Amendment requirements. *Id*. at 81. We therefore affirmed the denial of the motions to suppress. *Id*. at 82.

At the September 2010 trial, Officer Jones testified during direct examination that he made a traffic stop in the Bel-Air Motel's parking lot. Specifically, the officer explained that when he and Officer Harrod pulled up behind Harper's car, Harper and Porch had already exited the car, which was parked in front of room 120. Porch was walking towards room 120 with a bag in his hand, and Harper was standing by the front of the car. During cross-examination, Officer Jones testified that he never saw a passenger in the vehicle, that he did not recall actually seeing Porch physically exit the vehicle, that Porch had already exited the vehicle, and that Porch was walking toward the door, which was a short distance from the car. The officer also testified without objection that Porch told him that he was a passenger in Harper's vehicle.

A jury convicted Harper of all counts, and the trial court sentenced him to forty years. *Harper*, 963 N.E.2d at 657. On direct appeal, Harper argued that the trial court erred in admitting evidence found in the purse because the warrantless search of the purse was unreasonable and violated the Indiana and United States Constitutions. We concluded however, that the law of the case doctrine applied because we had previously found that an exception to the search warrant requirement arose when both Porch and Harper verbally consented to a search of

the purse. *Id*. at 658. We therefore concluded that the trial court did not err in admitting the evidence found in the purse. *Id*.

Harper also argued that the trial court erred in admitting evidence from the motel room because the search of the room violated the state constitution. However, we found no error because the motel manager gave the officers consent to search the property. *Id*. We further found sufficient evidence of constructive possession of the contraband to support his convictions. *Id*. at 659, 660. Lastly, we found that the trial court did not err in instructing the jury on circumstantial evidence. *Id*. at 663.

Harper filed a petition for post-conviction relief in June 2013 and an amended petition in February 2014. The post-conviction court held evidentiary hearings in April and May 2014, and denied Harper's petition with findings of fact and conclusions of law in July 2014.

*Harper v. State*, 40 N.E.3d 532, 2015 WL 5476507, *2-4 (Ind.Ct.App. 2015), *transfer denied,* 44 N.E.3d 1254 (Ind. 2016).

## V. Harper's Claims

This action then followed, having been filed on April 18, 2016. Harper's claims are that: (1) the Indiana Court of Appeals made an unreasonable application of *Strickland v. Washington,* 466 U.S. 668, 684 (1984), in rejecting Harper's claim of ineffective assistance of trial counsel; and (2) the state courts' ruling on his motion to suppress was an unreasonable application of *Terry v. Ohio,* 392 U.S. 1 (1968).

## VI. Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996).

Harper filed his 28 U.S.C. § 2254 petition after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA). His petition, therefore, is subject to the AEDPA. *See Lindh v. Murphy,* 521 U.S. 320, 336 (1997). "Under the current regime governing federal habeas corpus for state prison inmates, the inmate must show, so far as bears on this case, that the state court which convicted him unreasonably applied a federal doctrine declared by the United States

Supreme Court." *Redmond v. Kingston,* 240 F.3d 590 (7th Cir. 2001) (citing 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362 (2000); *Morgan v. Krenke*, 232 F.3d 562 (7th Cir. 2000)). "A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner." *Brown v. Payton*, 544 U.S. 131, 141 (2005) (internal citations omitted); see also *Badelle v. Correll,* 452 F.3d 648, 653 (7th Cir. 2006). "[U]nder AEDPA, federal courts do not independently analyze the petitioner's claims; federal courts are limited to reviewing the relevant state court ruling on the claims." *Rever v. Acevedo,* 590 F.3d 533, 536 (7th Cir. 2010). "The habeas applicant has the burden of proof to show that the application of federal law was unreasonable." *Harding v. Sternes,* 380 F.3d 1034, 1043 (7th Cir. 2004) (citing *Woodford v. Visciotti,* 537 U.S. 19, 25 (2002)).

## VII. Discussion

*Strickland v. Washington,* 466 U.S. 668, 684 (1984), supplies the clearly established Federal law, as determined by the Supreme Court of the United States that governs a claim of ineffective assistance of counsel.

> *Strickland* recognized that the Sixth Amendment's guarantee that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence" entails that defendants are entitled to be represented by an attorney who meets at least a minimal standard of competence. *Id.,* at 685–687. "Under *Strickland,* we first determine whether counsel's representation 'fell below an objective standard of reasonableness.' Then we ask whether 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Padilla v. Kentucky,* 559 U.S. 356, 366 (2010) (quoting *Strickland, supra,* at 688, 694).

*Hinton v. Alabama,* 134 S. Ct. 1081, 1087-88 (2014) (parallel citations omitted). There is more. AEDPA requires a "doubly deferential" review of a state prisoner's ineffective assistance of counsel claim. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1410–11 (2011) (citation omitted). The

federal habeas court must show deference both to the state court which previously reviewed the petitioner's claim, and also to trial counsel herself. *See id.; Strickland,* 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential."). Under 28 U.S.C. § 2254(d), "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Harrington v. Richter*, 562 U.S. 86, 105 (2011).

The Indiana Court of Appeals recognized *Strickland's* two-part test as stating the controlling law. *Harper,* 2015 WL 5476507, *5. Applying these principles to the question presented, the Indiana Court of Appeals explained:

> Harper claims that trial counsel was ineffective because trial counsel failed to (1) support a request to suppress evidence with "new facts" that Officer Jones did not see Porch exit Harper's vehicle; (2) challenge the veracity of the probable cause affidavit with these "new facts"; (3) cross-examine Officer Jones at the suppression hearing about whether he saw Porch exit Harper's car; and (4) argue that Officer Jones could not have reasonably believed that Harper had common authority or apparent authority over the purse to consent to the search of the purse because he did not see Porch exit the car. Appellant's Brief at 9.
> . . . .
> Our review of the evidence reveals that Officer Jones stated in the probable cause affidavit that he observed two black males exit the vehicle. In addition, during his deposition, Officer Jones testified that he pulled up behind Harper's car and made contact with the two men who had just exited it, and at the suppression hearing, the officer testified that the occupants were exiting the vehicle as he pulled in behind it, all of which supports an inference that Porch was a passenger in Harper's car.
> At trial, Officer Jones testified during direct examination that he made a traffic stop in the Bel–Air Motel's parking lot. Specifically, the officer explained that when he and Officer Harrod pulled up behind Harper's car, Harper and Porch had already exited the car, which was parked in front of room 120. Porch was walking towards room 120 with a bag in his hand, and Harper was standing by the front of the car. During cross-examination, Officer Jones testified that he never saw a passenger in the vehicle, that he did not recall actually seeing Porch physically exit the vehicle, that Porch had already exited the vehicle, and that Porch was walking toward the door, which was a short distance from the car. The officer also testified without objection that Porch told him that he was a passenger in Harper's vehicle. In addition, the evidence reveals that when Officer Jones encountered the men, they were near the vehicle that the officer had followed into the Bel–Air Motel

> parking lot. Harper was standing by the driver's side door, and Porch was only a few feet away from the car, walking from the direction of the car to Room 120.
> 
> Officer Jones' probable cause statement, deposition testimony, suppression hearing testimony, and trial testimony support an inference that Porch was a passenger in Harper's car. In addition, the location of the officer's car in relation to the Bel–Air Motel and Porch's location and movement to the motel room further support the inference that Porch was a passenger. We agree with the State that this inference is "borne out by the fact that Porch identified himself to Officer Jones as having been a passenger in Harper's vehicle-a fact related by Officer Jones in his deposition and again at the end of trial." Appellee's Brief at 14. Therefore, even if trial counsel erred in failing to revisit the suppression issue, there was no prejudice to Harper where Porch admitted that he was a passenger in Harper's car.

*Id.* at *5-6 (footnote omitted).

Harper argues that the Indiana Court of Appeals rendered its decision based on an unreasonable determination of the facts, but this is not the case. "In § 2254 proceedings, federal courts are foreclosed from fact-finding. We therefore defer to the findings of the [state] court, which have not been challenged and are presumed to be correct unless rebutted by clear and convincing evidence." *Jones v. Butler,* 778 F.3d 575, 578 (7th Cir. 2015)(citing 28 U.S.C. § 2254(e)(1) and *Harris v. Thompson,* 698 F.3d 609, 613 (7th Cir. 2012)). A state court's factual finding is unreasonable only if it "ignores the clear and convincing weight of the evidence." *Taylor v. Grounds,* 721 F.3d 809, 817 (7th Cir. 2013) (internal quotation marks and citations omitted). Harper has not rebutted the factual findings of the Indiana Court of Appeals.

The Indiana Court of Appeals correctly identified the analysis provided in *Strickland* for determining a claim of ineffective assistance of counsel and reasonably applied it to Harper's claim of ineffective assistance of counsel at trial. And because it was a reasonable application of the controlling federal standard, "[u]nder AEDPA . . . it cannot be disturbed." *Hardy v. Cross,* 132 S. Ct. 490, 495 (2011).

Harper also argues that the Indiana state courts' ruling on his motion to suppress was an unreasonable application of *Terry v. Ohio,* 392 U.S. 1 (1968). He faces a significant hurdle in doing so, however, because in *Stone v. Powell,* 428 U.S. 465 (1976), the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 495; *see Cabrera v. Hensley,* 324 F.3d 527, 530 (7th Cir. 2003) (quoting *Stone*, 428 U.S. at 494). *Stone's* rationale is based on the minimal police deterrence effect that would result from applying the exclusionary rule to habeas proceedings. *See Hampton v. Wyant,* 296 F.3d 560, 562-64 (7th Cir. 2002).

An accused receives a "full and fair opportunity" to litigate his claim if: (1) he has clearly informed the state court of the factual basis for his claim and has argued that those facts constitute a violation of his Fourth Amendment rights; (2) the state court has carefully and thoroughly analyzed the facts; and (3) the state court has applied the proper constitutional case law to the facts. *Weber v. Murphy*, 15 F.3d 691, 694 (7th Cir. 1994).

Harper filed a motion to suppress in the trial court. The trial court heard evidence on the motion and made a ruling. The Indiana Court of Appeals reviewed that ruling in an interlocutory appeal. Harper received a full and fair opportunity to litigate his Fourth Amendment claims in the Indiana state courts. Harper fully used the opportunity. He is not entitled to federal habeas relief based on the admission of evidence he sought to have suppressed. Even if the Court concluded that Harper did not have a full and fair opportunity to litigate his Fourth Amendment claim, moreover, the Indiana Court of Appeals' evaluation was a reasonable application of controlling

Fourth Amendment law and its decision would easily withstand the deferential review prescribed by 28 U.S.C. § 2254(d)(1).

## VIII. Conclusion

This Court has carefully reviewed the state record in light of Harper's claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. "A defendant whose position depends on anything other than a straightforward application of established rules cannot obtain a writ of habeas corpus." *Liegakos v. Cooke,* 106 F.3d 1381, 1388 (7th Cir. 1997). No such established rules entitle Harper to relief in this case. Therefore, having applied the appropriate standard of review, Harper's petition for writ of habeas corpus must be **denied**.

Judgment consistent with this Entry shall now issue.

## IX. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Harper has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **declines** to issue a certificate of appealability.

IT IS SO ORDERED.

Date: 5/10/2017

*[signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Henry A. Flores, Jr.
INDIANA ATTORNEY GENERAL
henry.flores@atg.in.gov

CANON HARPER
211235
INDIANA STATE PRISON
INDIANA STATE PRISON
Inmate Mail/Parcels
One Park Row
MICHIGAN CITY, IN 46360

Kelly A. Loy
OFFICE OF THE INDIANA ATTORNEY GENERAL
kelly.loy@atg.in.gov